[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2011
JOHN LEY
CLERK

No. 10-14238
Non-Argument Calendar
_____

D. C. Docket No. 8:09-cr-00567-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE CASILLAS-CANTERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2011)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Vicente Casillas-Cantero appeals his 48-month sentence for illegal reentry by a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). Casillas-Cantero argues (1) that the district court erred in relying on United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir. 2001), to determine that his conviction pursuant to Fla. Stat. § 800.04(1), for fondling a minor, qualified as "sexual abuse of a minor," and (2) that even if § 800.04(1) constitutes "sexual abuse of a minor," it cannot be considered a "crime of violence" within the meaning of United States Sentencing Guidelines § 2L1.2(b)(1)(A) (Nov. 2009), without violating the plain meaning of that term, as defined in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008), Johnson v. United States, --- U.S.---, 130 S. Ct. 1265, 1271 (2010); and United States v. Harris, 608 F.3d 1222, 1233 (11th Cir. 2010). After careful review, we affirm.

I.

Casillas-Cantero first argues that Padilla-Reyes was inapplicable to his case because it had been decided before a significant amendment to § 2L1.2(b)(1)(A). Although the Sentencing Guidelines are now advisory after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court is still obligated to calculate the applicable guideline range correctly. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review de novo

whether a defendant's prior conviction qualifies as a "crime of violence" under the Sentencing Guidelines. United States v. Llanos-Agostadero, 486 F.3d 1194, 1196 (11th Cir. 2007).

Section 2L1.2(b)(1)(A) of the Sentencing Guidelines provides for a 16-level increase in the offense level if the defendant was previously deported after "a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to that guideline provision defines "crime of violence" as any of the following offenses under federal, state, or local law:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, *sexual abuse of a minor*, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, *or* any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, cmt. n.1(B)(iii) (emphasis added). "It is well settled that a felony conviction for an enumerated offense qualifies as a 'crime of violence' under § 2L1.2, whether or not the use of physical force is an element of the crime." United States v. Palomino Garcia, 606 F.3d 1317, 1327 (11th Cir. 2010).

At the time that Casillas-Cantero was charged, § 800.04(1) read:

> Lewd, lascivious, or indecent assault or act upon or in the presence of child. –A person who:

3

(1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner . . . without committing the crime of sexual battery, commits a felony of the second degree.

Flat. Stat. § 800.04(1) (1997). In Padilla-Reyes, we held that a violation of § 800.04(1), with or without victim contact, constitutes "sexual abuse of a minor" within the meaning of § 2L1.2. 247 F.3d at 1163–64. We interpreted "sexual abuse of a minor" to mean "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Id. at 1163. We recognized that violations of Fla. Stat. § 800.04 might not involve any physical contact with the victim, but concluded that all possible violations, even those where "the only elements are that the child was under the age of sixteen and that the defendant knowingly committed a lewd or lascivious act that the child saw or sensed," involve the misuse or maltreatment of a child for sexual gratification, and thus constitute "sexual abuse of a minor." Id. at 1162–63 & n.5.

Nevertheless, Casillas-Cantero argues that Padilla-Reyes does not control, because in that case we analyzed an earlier version of § 2L1.2. The earlier version of § 2L1.2 provided for a 16-level increase in offense level based on the commission of an "aggravated felony," which the commentary defined by reference to 8 U.S.C. § 1101(a)(43). 247 F.3d at 1159; see U.S.S.G. § 2L1.2 (Nov.

4

1998).  That statutory provision, in turn, defined "aggravated felony" to include "sexual abuse of a minor."  8 U.S.C. § 1101(a)(43)(A).  Following a significant amendment in 2001, the current version of § 2L1.2 provides for a 16-level increase in offense level based on the commission of a "crime of violence," which as explained above, is expressly defined in the commentary to § 2L1.2 to include "sexual abuse of a minor."  See U.S.S.G. § 2L1.2 & cmt. n.1(B)(iii) (Nov. 2009).

We reject Casillas-Cantero's argument that this amendment renders Padilla-Reyes inapplicable to his case.  Padilla-Reyes held that § 800.04 fell within the plain meaning of the term "sexual abuse of a minor."  247 F.3d at 1163–64.  Although that term now appears explicitly in the commentary to § 2L1.2, rather than applying by reference to 8 U.S.C. § 1101(a)(43), nothing in the amendment has suggested a change in its definition.[1]  As a result, the district court did not err in finding that, under Padilla-Reyes, Casillas-Cantero's conviction for violating § 800.04(1) was a conviction for "sexual abuse of a minor."[2]

---

[1]  To be sure, the amendment potentially changes the consequences of a finding that an offense is a "sexual abuse of a minor," by now labeling that offense as a "crime of violence" instead of an "aggravated felony."  But, the result is the same in this case because the 16-level enhancement that previously applied to an "aggravated felony" now applies to a "crime of violence."

[2]  Casillas-Cantero also argues that the district court erred in failing to conduct a categorical analysis under Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990) and

II.

Casillas-Cantero also argues that the definition of "crime of violence" provided in the commentary to § 2L1.2 violates the plain meaning of the term, as it has been defined in Begay, 553 U.S. at 141–42, 128 S. Ct. at 1584, Johnson, --- U.S.---, 130 S. Ct. at 1271; and Harris, 608 F.3d at 1233. The commentary to the Sentencing Guidelines is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).

Begay, 553 U.S. at 141–42, 128 S.Ct. at 1584, Johnson, --- U.S. ---, 130 S. Ct. at 1271, and Harris, 608 F.3d at 1232–33, employed a "categorical approach" to determine whether certain offenses qualified as "violent felon[ies]" under the ACCA. The ACCA defines a "violent felony" as an offense that:

---

Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). "Athough Taylor and Shepard were [Armed Career Criminal Act ("ACCA")] cases, we have employed their 'categorical approach' in determining whether a prior offense qualifies for an enhancement under the Guidelines." Palomino Garcia, 606 F.3d at 1328. But while Padilla-Reyes may not have fully defined the contours of the generic offense of "sexual abuse of a minor" to the extent necessary to resolve cases involving offenses under other statutes, that case implicitly defined the generic offense to the degree necessary to conclude that a violation of the then-existing version of § 800.04—the statute at issue in both that case and this one—qualified as a "sexual abuse of a minor." Because we find that Padilla-Reyes continues to control, we are bound by that case's holding. See United States v. Martinez, 606 F.3d 1303, 1305 (11th Cir. 2010) ("[U]nder the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation marks omitted)).

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). We have explained that "[c]onsidering whether a crime is a 'violent felony' under the ACCA is similar to considering whether a conviction qualifies as a 'crime of violence' under U.S.S.G. § 4B1.2(a) because the definitions for both terms are virtually identical." United States v. Alexander, 609 F.3d 1250, 1253 (11th Cir. 2010) (quotation marks omitted). But Begay, Johnson, and Harris do not necessarily control here because this case involves neither the ACCA nor § 4B1.2(a), but instead turns on the definition of a "crime of violence" that applies to § 2L1.2.

While the text of § 2L1.2 itself provides no definition of "crime of violence," the commentary to § 2L1.2 defines that term very differently from § 4B1.2(a) and the ACCA. As relevant here, the commentary specifically enumerates "sexual abuse of a minor" as a "crime of violence," under § 2L1.2, even though that offense is not enumerated as a crime of violence under § 4B1.2(a) or as a violent felony under the ACCA. We recognize the potential for confusion that might arise from applying two different definitions of crime of

7

violence in two different Guidelines chapters, but this is plainly what the Guidelines contemplate insofar as the two sections provide different definitions.[3] Moreover, as we have previously explained, "[i]t is well settled that a felony conviction for an enumerated offense qualifies as a 'crime of violence' under § 2L1.2." Palomino Garcia, 606 F.3d at 1327.

Because we cannot say that the distinct definition of "crime of violence" provided in the commentary to § 2L1.2 is a plainly erroneous reading of the Guideline, that definition is still "authoritative." See Stinson, 508 U.S. at 38, 113 S. Ct. at 1915. Thus, the district court did not err by relying on the commentary to the Guidelines in imposing the 16-level enhancement under U.S.S.G. § 2L1.2. For all of these reasons, we affirm Casillas-Cantero's sentence.

**AFFIRMED.**

---

[3] We acknowledge that this Court has previously stated that "there is no meaningful distinction between the definition of a 'crime of violence' under U.S.S.G. § 2L1.2(b)(1) . . . , the definition of a "crime of violence" under § 4B1.2(a) . . . , or the definition of a 'crime of domestic violence' under 18 U.S.C. § 922(g)(9)." Llanos-Agostadero, 486 F.3d at 1197–98. But that observation in Llanos-Agostadero was made in the context of analyzing the "elements clause" of § 2L1.2 cmt n.1(B)(iii), which mirrors language in § 4B1.2(a) and the ACCA. Id. at 1197. This case turns not on the "elements clause," but instead on the list of enumerated offenses in § 2L1.2 cmt n.1(B)(iii), which differs markedly from the list of enumerated offenses in § 4B1.2(a) and the ACCA.