J-A28044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DERRICK DEON COBBS | : | |
| Appellant | : | No. 1614 WDA 2019 |

Appeal from the PCRA Order Entered September 30, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division at
No(s):  CP-65-CR-0002715-2011

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: MAY 7, 2021**

Derrick Deon Cobbs (Appellant) appeals the Court of Common Pleas of Westmoreland County's dismissal of his petition under the Post Conviction Relief Act (PCRA).[1]  Appellant, who appears *pro se*, brings sixteen claims of error.  We affirm.[2]

Appellant outlines his claims as follows:

1. Trial counsel's failure to play "excerpts" of video at trial;

2. Trial counsel's failure to object to double jeopardy with respect to Count Four;

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant sent the Court a handwritten letter entitled "Application for Relief" and dated January 10, 2020.  Appellant's Application for Relief.  The gravamen of its complaint is that the facility is not adhering to its guidelines specifying that the medical staff at the facility should be notified after an inmate has skipped nine or more meals.  ***See id.*** at 1.  Because the relief requested is beyond this Court's jurisdiction, his Application was denied without prejudice to his ability to seek relief in the appropriate forum on January 23, 2020.

3.    Trial counsel's failure to address the [sufficiency] of the evidence [and] weight of the evidence;

4.  Trial counsel's failure to object to malicious prosecution;

5.  Trial counsel's coercion of [Appellant] not to testify;

6.    Trial counsel's failure to call witnesses to authenticate evidence.

7.    Trial counsel's failure to call a medical expert to rebut testimony relating to the victim's injuries;

8.  Trial counsel's failure to call Sergeant at jail who interacted with [Appellant] and victim;

9.  Trial counsel's failure to request complete discovery;

10.  Trial counsel's failure to address [Appellant's] alleged assault by prison staff during and after the incident;

11.  Trial counsel's failure to call alibi witness(es);

12.    Trial counsel's failure to investigate or interview various correctional officers involved in the incident as potential witnesses;

13.    Trial counsel's failure to object to leading questions or [improper cross-examination] of witnesses;

14.    Trial counsel's failure to object to the sufficiency of [authentication] of the videos shown at trial;

15.  Trial counsel's failure to appeal the [trial] court's failure to give a simple assault [jury] instruction; and

16.  Trial counsel's failure to object to an illegal sentence.

Appellant's Brief at 10-11.  Appellant has added two questions that do not directly appear in his Statement of Errors Complained of on Appeal:

[A.]  Should Appellant's case be remanded due to his sentence of a mandatory minimum under 42 Pa.C.S.[ ] § 9714 which was later determined to be unconstitutional?

[B.]  Was sufficient evidence presented at trial to support the verdict of guilt at Count Three: Aggravated Assault (18 Pa.C.S.[ ] § 2702(d)(2)); and Count Four: Aggravated Assault (18 Pa.C.S.[ ] § 2702(d)(3)[)?]

Appellant's Brief at 12.  Certain of Appellant's claims are addressed in a prior memorandum of this Court affirming Appellant's judgment of sentence, as detailed *infra*.  ***See Commonwealth v. Cobbs***, 1264 WDA 2012 (Oct. 22, 2013).  On page 15 of his brief, Appellant indicates that he will not press claims two, eight, ten, and fifteen.  Appellant's Brief at 15.[3]

Appellant's claims arise from his judgment of sentence imposed on March 23, 2012, after a jury found him guilty of two counts of aggravated assault.[4]  He was sentenced to a mandatory term of ten to twenty years of imprisonment as a result of a second strike under 42 Pa.C.S. § 9714.[5]

Our Court summarized the underlying facts as follows:

[T]he charges against [Appellant] arose from an incident involving Richard Planey, a sergeant at the Westmoreland County Prison, and [Appellant], who was an inmate.

---

[3] Claims two, eight, ten, and fifteen contain his claims arising from double jeopardy, ineffectiveness for failure to call an unnamed sergeant at the facility who interacted with him and Sergeant Planey, ineffectiveness for failure to address an alleged assault subsequent to the incident for which Appellant was charged, and ineffectiveness for failure to appeal the trial court's refusal to instruct the jury on simple assault, 18 Pa.C.S. § 2701.

[4] 18 Pa.C.S. § 2702(a)(2), (a)(3).

[5] ***See*** Notice of Commonwealth's Intent to Seek Mandatory Sentence, 3/6/12; Judgment of Sentence, 3/23/12.

The incident was recorded on two video surveillance cameras and a handheld camera, and the recordings were played for the jury as Commonwealth's Exhibit 1, which was admitted into evidence. In addition to Planey, the Commonwealth also presented the following witnesses: Richard James Sikora, Jack McElroy, a corrections officer at the Westmoreland County Prison; Gregory Dunn, and Rhonda Carter, corrections officers at the Westmoreland County Prison; and Detective James Williams, the investigating officer in this case.

Following a three-day trial, the jury found [Appellant] guilty of [two] charges of aggravated assault, and delivered not guilty verdicts on the charges of criminal attempt – criminal homicide, 18 Pa.C.S. § 901(a), and aggravated assault, 18 Pa.C.S. § 2702(a)(1) (causing serious bodily injury). [Appellant] filed a post sentence motion, which was denied, and this appeal followed.

*Id.* at 2-3.[6]

Sergeant Planey testified that, during an incident when Appellant was to be taken to the disciplinary unit, Appellant became aggressive and put Planey in a choke hold, which he maintained for an extended period, even as other guards ordered repeatedly that he relinquish his hold. N.T., 1/10/12, at 125.[7]

Appellant filed a *pro se* petition under the PCRA on June 12, 2015, and thus the petition was timely filed, as allocatur was denied on May 29, 2014. *See* 42 Pa.C.S. § 9545(b). Counsel was appointed and filed a letter of no

---

[6] Appellant filed a petition seeking allocatur after his judgment of sentence was affirmed and our Supreme Court denied review; *see Commonwealth v. Cobbs*, 550 WAL 2013 (5/29/14).

[7] Appellant's trial notes of testimony are paginated in such a way that each day does not begin at one, but rather the entire three-day trial runs from page one to three hundred.

merit but was dismissed after Appellant accused him of seeking payment outside of the appointment.[8]  **See** Trial Ct. Op. at 3-4.  The trial court allowed counsel to withdraw and appointed a second lawyer to Appellant's PCRA matter.  **Id.** at 4.  Appellant's second lawyer filed an amended petition, but per Appellant's request, he too withdrew from the representation, and Appellant proceeded to represent himself.  **Id.**

The trial court held a hearing on March 25, 2019 and May 3, 2019, and on September 30, 2019, after allowing the parties to submit briefs in support of their positions, the court dismissed Appellant's petition.  Trial Ct. Op. at 4; Order, 10/2/19.  Appellant filed a notice of appeal on October 21, 2019, and a timely statement per Pa.R.A.P. 1925(b) on October 30th.

Our review of a PCRA court's dismissal of a PCRA petition is limited to determining "whether the PCRA court's determination is supported by the record and free of legal error."  **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).  "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).  "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding."  **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.

---

[8] Letters of no merit are permitted under **Pennsylvania v. Finley**, 481 U.S. 551 (1987), and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

Super. 2002) (citation omitted). We review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

We initially note that any claim that is previously litigated is not a proper basis for relief under the PCRA; **see** 42 Pa.C.S. §§ 9543(a)(3), 9544. This Court has already ruled that the evidence presented by the Commonwealth is sufficient to support Appellant's convictions; **see** 1264 WDA 2012 at 3-7. Thus, Appellant's attempt to revive his sufficiency claim is unsupportable.

The vast majority of Appellant's claims sound in ineffective assistance of counsel (IAC). Relief is available where a petitioner establishes by a preponderance that their conviction or sentence is a result of, *inter alia*, "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). A successful petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. **Strickland v. Washington**, 466 U.S. 668, 687 (1984). A petitioner establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id.** at 694; **see also Commonwealth v. Mallory**, 941 A.2d 686, 702–04 (Pa. 2008), **cert. denied**, 555 U.S. 884 (2008). Our Supreme Court has applied **Strickland** in outlining the three essential factors of an IAC claim: (1) the underlying legal issue has arguable

merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner suffered actual prejudice due to counsel's act or omission. *Commonwealth v. Tedford*, 960 A.2d 1, 12 (Pa. 2008) (*citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (recognizing and applying *Strickland*)). Counsel is presumed to have been effective, and the petitioner bears the burden of establishing otherwise by proving each prong of the *Strickland/Pierce* standard. *Commonwealth v. Jones*, 683 A.2d 1181, 1188 (Pa. 1996).

Appellant first argues that trial counsel was ineffective for failing to play all excerpts, clips, or segments of the recorded interaction between himself and Sergeant Planey at trial. Appellant's Brief at 16-17. He claims that the jury was not given "the entire episode of events" and that he was prejudiced thereby. *Id.* at 16. He also claims that there were inmates who could see that he was not choking Sergeant Planey, but those inmates were not permitted to testify. *Id.* The Commonwealth argues that all relevant portions of the video recordings were shown to the jury, and thus Appellant is simply wrong on the facts. Commonwealth's Brief at 15.[9] Further, we can find no

---

[9] Appellant has seemingly attempted to smuggle another argument into his brief, wherein he argues that it was abusive for the Commonwealth to file a response to his PCRA pleadings only after counsel had been relieved of duty and Appellant had taken on his case *pro se*. Appellant's Brief at 15. Appellant had access to the professional services of two different lawyers during his PCRA proceedings but nevertheless elected to proceed *pro se*. He cannot now complain that the Commonwealth's participation in this litigation constitutes abuse. Pa.R.Crim.P. 906 governs the Commonwealth's answer to a PCRA petition, and we discern no violation of that rule here.

substantiation for the notion that any witness to this incident was not permitted to testify.

The trial court reviewed the record and concluded that trial counsel played "all relevant and exculpatory portions of the video to the jury." Trial Ct. Op. at 6. Further, the trial court notes that "the Commonwealth did present the entire surveillance footage of the incident in question – there were no excerpts played." *Id.*

We must defer to the PCRA court's factual findings where they are supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). Here, we find no quibble with the trial court's account. The jury was privy to the entirety of the relevant section of video evidence. Appellant is mistaken, and this claim must fail.

Next, Appellant argues that trial counsel was ineffective for failing to probe whether the video evidence had been modified in some way prior to trial. This is apparently his sixth claim, addressing authentication of evidence. Appellant's Brief at 17.[10] Appellant seems to be saying that the Assistant District Attorney who testified that the video had not been altered was unqualified to confirm that, as another individual may have been involved in preparing the video evidence for trial and that person could have tampered

---

[10] Appellant is *pro se* and thus we do not expect the same level of legal sophistication from him that we would from a member of the bar. However, we must note that his argument as to supposed evidence tampering does not address what counsel could or should have done; rather, it relies primarily on insinuation and reads much like a conspiracy theory.

with the evidence. *Id.* He also alleges that the Assistant District Attorney was not sworn in. *Id.* The trial court and the Commonwealth were both stymied by this argument, and were unable to respond to it in any detailed manner due to the vague, implication-heavy manner in which Appellant has pressed his claim. *See* Trial Ct. Op. at 9; Commonwealth's Brief at 18. We can see why. Appellant has waived this issue.[11]

Appellant returns to the issue of the video evidence and its accuracy, questioning its chain of custody and whether it has been altered, under many other arguments he advances. This is curious, as the video does not depict the moment during which he held Sergeant Planey in a chokehold. He seems to think there is evidence tending to exonerate him that was captured on video but withheld or destroyed. However, he has nothing to offer but speculation in this regard, and speculation is not sufficient to prevail on such a claim. For instance, he argues that his attorney was ineffective for failing to challenge "all the aspects of the Rules of Evidence" and should have used an expert witness. Appellant's Brief at 18. He writes "if any of that tape showed a portion [depicting Appellant's] arm not [choking Sergeant] Planey, then [Appellant] would have been found 'not guilty.'" *Id.* However, this is untrue.

---

[11] Even if this issue was not waived for failure to plead it with sufficient particularity, it would not merit relief; Appellant carries the burden of establishing eligibility for relief under the PCRA and his tampering theory seems to have not a shred of evidence to support it. The Assistant District Attorney who testified is an officer of the court and therefore has an ongoing duty of candor to the tribunal, whether she was sworn in or not. *See* Pa.R.P.C. 3.3. This is an entirely frivolous claim.

Plenty of that tape depicted him not choking anyone, but you cannot obtain a not guilty verdict for not choking someone **most of the time**. As this Court explained in Appellant's direct appeal, the evidence is more than sufficient to support Appellant's conviction, with or without the video recordings. *See* 1264 WDA 2012 at 3-7. Appellant goes on to argue, based on his own lawyer having stated that the video shows Appellant to have been nonviolent, "this Court must review and investigate the claims raised herein and grant relief . . .." Appellant's Brief at 18. No, this Court really does not have to do that. It is Appellant's job to investigate his claims, as he and he alone bears the burden of persuasion.

Appellant states on page 15 of his brief that he will not press his second issue, a double jeopardy claim. Appellant next rehashes a sufficiency and weight argument, and as stated *supra*, that claim is previously litigated and therefore cannot support relief. Appellant's Brief at 21-25.

Appellant claims that trial counsel failed to elicit eyewitness testimony and character witness testimony. Appellant's Brief at 19-20. As to character witnesses, this claim is not preserved, as it was not raised in Appellant's Rule 1925(b) statement. As we will discuss more thoroughly *infra*, Appellant was properly subject to a "second strike" sentence based on a prior Florida conviction for Lewd and Lascivious Battery where the victim was a child.[12]

---

[12] *See* Fla. Stat. Ann. § 800.04(4):

   Lewd or lascivious battery.--

Such conviction would have been fair game in cross-examination of any character testimony offered by Appellant, and thus it strikes this Court as an eminently reasonable strategy to prevent that by steering clear of character testimony.

As to fact testimony, Appellant failed to file any affidavits of proposed testimony in preparation for his PCRA proceedings below. Thus, the record does not, and cannot, support his claim. Even a generous reading of his Rule 1925(b) statement limits this claim to so-called "alibi" witnesses. The trial court concluded that Appellant's obvious presence in the video eliminates the potential of any sort of "alibi" defense. Trial Ct. Op. at 11. Assuming Appellant simply misunderstands the meaning of "alibi" and thinks that inmate witnesses would have presented more favorable testimony, without any evidence, such a claim is meritless.

Appellant argues that counsel was ineffective for failing to "properly address and litigate the weight and sufficiency of the evidence" and prejudiced

---

(a) A person commits lewd or lascivious battery by:

1. Engaging in sexual activity with a person 12 years of age or older but less than 16 years of age; or

2. Encouraging, forcing, or enticing any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity.

(b) Except as provided in paragraph (c), an offender who commits lewd or lascivious battery commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

him by denying him due process of law. Appellant's Brief at 21. As stated *supra*, this Court has already addressed the merits of these claims. He argues that Sergeant Planey's injuries were an illusion, and that the Commonwealth was required, but failed, to establish "serious bodily injury" to convict him. Appellant's Brief at 22.

This Court refuted this argument, as well as Appellant's related arguments, during his direct appeal. ***See Cobbs***, 1264 WDA 2012, at 4-9. Although Appellant attempts to cloak this argument in the guise of an ineffectiveness claim, he has no new points to make. Thus, this claim is previously litigated and cannot support relief.[13]

Appellant argues that the trial court has imposed an illegal and unconstitutional sentence pursuant to Pa.C.S. § 9714. Appellant's Brief at 26-30. He is mistaken.[14]

---

[13] To be clear, if Appellant had any different argumentation here, anything that distinguished his current complaint from that made during his direct appeal, we would analyze it fully as an ineffectiveness claim. However, Appellant is simply reiterating arguments he made in his direct appeal, and this is expressly forbidden by the PCRA. Appellant attempts to use this Court's memorandum denying his direct appeal, or at least one page of that memorandum, in support of this gesture toward relitigating the merits of that appeal. ***See*** Exhibit 2, Appellant's Brief. Nothing on that page, or in the memorandum as a whole, supports his argument. We also note that Appellant continues to elide the fact that 18 Pa.C.S. § 2702(a)(2) and (a)(3) prohibit **attempts** to cause serious bodily injury, and thus his argument that Sergeant Planey was not "really" injured and that counsel was ineffective for failing to call a medical expert and challenge the extent of the injury arises from a seemingly willful misreading of the statute.

[14] Appellant states that the Commonwealth has somehow been abusive in opposing relief based on his "mandatory sentence" argument, "despite the

Because of Appellant's prior conviction (*see* *supra* at 10), the Commonwealth sought imposition of a "second strike" sentence under Section 9714.[15]  First, we note that the issue was not raised on direct appeal. However, because it goes to the legality of the sentence imposed, we examine the merits of Appellant's argument.  ***See Commonwealth v. Hill***, 238 A.3d 399, 409 (Pa. 2020) (where challenge implicates legality of sentence, it is non-waivable).

The trial court analyzed Appellant's argument pursuant to ***Alleyne v. United States***, 570 U.S. 99 (2013), in which the Supreme Court determined that facts that increase a mandatory minimum sentence are an element rather than a mere sentencing factor, and therefore implicate the right to a jury and to the "beyond a reasonable doubt" standard.  ***See Alleyne***, 570 U.S. at 103 ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."); Trial Ct. Op. at 13.  However, prior convictions have their own set of constitutional protections attached to them, and recidivist measures based on prior

---

factual laws and timelines which demonstrate [that the trial court's] sentences are mandatory, and therefore, are illegal and unconstitutional."  Appellant's Brief at 15.  It thus appears that Appellant believes **all** mandatory sentences to be unconstitutional.

[15] Appellant was convicted when the prior iteration of Section 9714 was effective.  It has since been amended to specify that prior convictions of 18 Pa.C.S. § 2718 and 18 Pa.C.S. § 3011 also qualify as crimes of violence under the statute, and to omit a section of the Crimes Code pertaining to human trafficking, replacing it with the current section on trafficking.  **See** PA LEGIS 2020-32, 2020 Pa. Legis. Serv. Act 2020-32 (S.B. 275) (PURDON'S).

convictions, such as Section 9714, do not violate **Alleyne**. **See, e.g., Commonwealth v. Reid**, 117 A.3d 777, 784 (Pa. Super. 2015) (under **Alleyne**, "any fact – other than a prior conviction – that increases a mandatory minimum sentence for an offense must be submitted to a jury and proven beyond a reasonable doubt.").

Appellant frames his challenge to this sentence as arising from **Alleyne**, but **Alleyne** does not invalidate recidivist measures such as mandatory minimum measures predicated on prior convictions. Thus, this claim fails.[16]

Order affirmed.

Judge Olson joins this memorandum.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2021

---

[16] We note that the predicate crime of which Appellant was convicted has been held to be a crime of violence for immigration purposes. **See United States v. Casillas-Cantero**, 426 Fed.Appx. 804, 807 (11th Cir. 2011).